**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANTOINE FORD, #R-49546, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-01092-SMY |
| | ) | |
| KIMBERLY BUTLER, | ) | |
| KENT E. BROOKMAN, | ) | |
| and TRACEY LEE, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Antoine Ford, an inmate at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against Menard's warden (Kimberly Butler) and two members of Menard's Adjustment Committee (Kent Brookman and Tracey Lee). According to the Complaint, Plaintiff was denied credit for time he spent in investigative segregation when he was punished with 30 days of disciplinary segregation for trafficking and trading. (Doc. 1, p. 5). As a result, he remained in segregation for a total of 50 days instead of 30. (*Id*. at pp. 5, 7).

On August 2, 2015, Plaintiff was allegedly placed in investigative segregation at Stateville Correctional Center. (*Id*. at 5). He maintained this status following his transfer to Menard on August 4, 2015. (*Id*.). Plaintiff attended a hearing before Menard's Adjustment Committee on August 29, 2015. (*Id*.). The committee found him guilty of trafficking and trading but dismissed a charge for impeding an investigation. (*Id*.). He was punished with 30 days in disciplinary segregation and demotion to C-grade status. (*Id*.).

Plaintiff asked the Adjustment Committee members whether he would receive credit for the time he had already spent in segregation. (*Id*.). Chairman Brookman told Plaintiff that he

would. (*Id*.). Co-Chair Lee disagreed and said that Plaintiff's 30-day term of punishment did not begin to run until he was served with the disciplinary ticket on August 28, 2015. (*Id*.).

Had he received credit for his time spent in investigative segregation, Plaintiff asserts that he would have been released from segregation on September 2, 2015. (*Id*.). Instead, he was released on September 21, 2015. (*Id*.). He now claims that the Adjustment Committee's failure to credit him for time spent in investigative segregation amounted to a deprivation of a protected liberty interest without due process of law in violation of the Fourteenth Amendment, cruel and unusual punishment in violation of the Eighth Amendment and a denial of equal protection of the law in violation of the Fourteenth Amendment. (*Id*.) He seeks monetary damages against the defendants, as well as a prison transfer to avoid any retaliation that might result from filing this action. (*Id*. at 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely,

a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id.*  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After carefully considering the allegations, the Court finds that the Complaint fails to state a claim upon which relief may be granted and does not survive screening under § 1915A. Accordingly, the Complaint shall be dismissed.  However, Plaintiff will be granted leave to re-plead his claims by filing a First Amended Complaint consistent with the deadline and instructions set forth in the below disposition.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* Complaint into the following enumerated counts:

**Count 1:**   Fourteenth Amendment claim against the defendants for depriving Plaintiff of a protected liberty interest without due process of law by failing to credit him for time he spent in investigative segregation when executing a 30-day term of disciplinary segregation in August and September 2015.

| | | |
|---|---|---|
| **Count 2:** | | Eighth Amendment claim against the defendants for subjecting Plaintiff to unconstitutional conditions of confinement in segregation in August and September 2015. |
| **Count 3:** | | Fourteenth Amendment equal protection claim against the defendants for the conduct described in the Complaint. |
| **Count 4** | | Claim against the defendants under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, based on the conduct described in the Complaint. |

(Doc. 1, p. 5). The parties and the Court will continue using these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion regarding their merits.

## Count 1

To establish a due process violation based on a prisoner's prolonged detention in segregation, the prisoner must allege that the defendants deprived him of life, liberty or property without due process of law. However, the Seventh Circuit has long held that "[a] prisoner has no liberty interest in remaining in the general prison population. In fact, absent a constitutional, statutory or regulatory bar, 'a prisoner may be transferred for any reason or for no reason at all.'" *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995) (citations omitted) (quoting *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir. 1988)). Likewise, a prisoner has no protected interest in being classified at a certain grade. *Thomas v. Ramos*, 130 F.3d 754, 762 n. 8 (7th Cir. 1997).

Under limited circumstances, a liberty interest may arise when prison officials restrain the freedom of an inmate in a manner that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Courts consider two factors when making this determination: "the combined import of the duration of the segregative confinement *and* the conditions endured." *Hardaway v.*

4

*Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98) (7th Cir. 2009) (emphasis in original)).

The duration of Plaintiff's confinement in segregation was short. Plaintiff's total confinement in investigative and disciplinary segregation was 50 days. Plaintiff does not dispute the 30 days he spent in disciplinary segregation or the findings of the Adjustment Committee that resulted in this punishment. Instead, he complains about 20 extra days that he spent in segregation because he was denied credit for time spent in investigative segregation.

The Seventh Circuit has explained that "inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *See Townsend v. Fuchs* 522 F.3d 765, 771 (7th Cir. 2008). In *Townsend*, the Court held that a 59-day period in temporary lockup gave rise to no protected liberty interest. *Id*. at 766. The Seventh Circuit previously found that 2 months spent in segregation gave rise to no protected liberty interest. *See Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005). In fact, the duration of segregative confinement was so short that the Court dismissed the Fourteenth Amendment claims without reaching the second part of the analysis, *i.e.*, an inquiry into the conditions of confinement. *See also Holly v. Woolfolk*, 415 F.3d 678, 679 (7th Cir. 2005) (2 days in solitary confinement). In other words, the Court ruled out the existence of a protected liberty interest based on the duration of segregative confinement alone.

In this case, Plaintiff likewise offers no allegations suggesting that he suffered an atypical or significant hardship in segregation in August and September 2015. His only complaint is about the additional period of confinement in segregation that resulted when the Adjustment Committee denied him credit for the time he spent in investigative segregation prior to the Adjustment Committee's final determination. (Doc. 1, p. 5). Given the short duration of

segregative confinement and the lack of allegations describing the conditions, it appears that no liberty interest was at stake. No right to due process of law arises in this context, and Plaintiff complains of no actual due process violations. Accordingly, Count 1 does not survive preliminary review and shall be dismissed without prejudice.

### Count 2

In order to state an Eighth Amendment claim for unconstitutional conditions of confinement, Plaintiff must meet two requirements. First, he must demonstrate that the conditions he endured were "sufficiently serious" to constitute cruel and unusual punishment (an objective standard). Conditions violate the Eighth Amendment when they result in an "unquestioned and serious deprivation [ ] of basic human needs" or deprive the prison of "the minimal civilized measure of life's necessities." *McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993) (citations omitted). This first element is satisfied when the plaintiff shows that he was "incarcerated under conditions posing a substantial risk of serious harm" to his health or safety. *Haywood v Hathaway*, -- F.3d --, No. 12-1678, 2016 WL 6988750 (7th Cir. Nov. 29, 2016) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001)). Here, Plaintiff offers no allegations describing the conditions he endured in segregation. As such, the Complaint fails to satisfy the first element of this claim.

Second, Plaintiff must show that the defendants responded with deliberate indifference to the inmate's health or safety (a subjective standard). *Farmer v. Brennan*, 511 U.S. 825 (1994). This occurs when a defendant knows of and disregards a substantial risk of serious harm to the inmate from those conditions. *Id*. Plaintiff offers no allegations suggesting that the defendants knew of any unconstitutional conditions of confinement and failed to take action to address them. He merely asserts that his Eighth Amendment rights were violated by his placement in

segregation beyond the 30-day period of punishment imposed for trafficking and trading.  This allegation, standing alone, cannot support a finding that the defendants exhibited deliberate indifference toward Plaintiff's health or safety.  Accordingly, Count 2 shall be dismissed without prejudice.

### Count 3

The Fourteenth Amendment Equal Protection Clause "guards against government discrimination on the basis of race and other immutable characteristics." *Brunson v. Murray*, -- F.3d --, No. 14-2877, 2016 WL 7210119 (7th Cir. Dec. 13, 2016).  However, it also protects individuals from "class-of-one" discrimination, which occurs when the government "arbitrarily and irrationally singles out one person for poor treatment."  *Id.* (citing *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012)).  Plaintiff's equal protection claim fails under both standards.

In the Complaint, Plaintiff states that his "14th Amendment of Equal Opertunity (sic) of the Law was violated."  (Doc. 1, p. 5).  However, he offers no allegations indicating how or why he feels that his right to equal protection was violated by the defendants' conduct.  He does not allege or suggest that he was treated differently than other inmates because of his race or another immutable characteristic.  He does not allege any sort of disparate treatment at all.  Plaintiff also does not assert that he was singled out for arbitrary mistreatment.  The allegations simply do not suggest that the Adjustment Committee handled his case and the execution of his punishment differently than any other case.  Plaintiff relies entirely on a conclusory assertion that his rights were violated under the Equal Protection Clause.  Without additional factual allegations offered in support of this claim, the Court cannot discern a basis for it, and the defendants cannot be expected to defend against it.  *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)

(conclusory allegations are sufficient only where they are plausible and give sufficient notice to defendants). Therefore, Count 3 shall also be dismissed without prejudice.

### Count 4

In addition to bringing this action pursuant to § 1983, Plaintiff indicated that he is bringing a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680. Beyond checking the box for an FTCA claim on the first page of the Complaint, no allegations refer to the FTCA. The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials. All of the defendants in this action are state officials. Accordingly, Count 4 shall be dismissed with prejudice against them.

Based on the foregoing discussion, the Complaint is subject to dismissal. However, the dismissal shall be without prejudice, and Plaintiff will be granted leave to file a "First Amended Complaint," if he wishes to pursue his claims against defendants. Plaintiff is **INSTRUCTED** to file a proper § 1983 Complaint with this Court according the deadline and instructions set forth in the below disposition. Failure to follow the Court's instructions will result in dismissal of Plaintiff's action for failure to comply with an Order of this Court and/or for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b).

### Warden Butler: Injunctive Relief

Although Warden Butler is named as a defendant in this action, Plaintiff includes no allegations against the warden in his statement of claim. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

8

Plaintiff does seek injunctive relief, in the form of a prison transfer.  Although the warden is properly named in his or her official capacity for purposes of carrying out any injunctive relief that is ordered, the Court deems no such relief warranted in this case.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (warden is the proper defendant in case requesting injunctive relief as person "responsible for ensuring that any injunctive relief is carried out.").

The only reason that Plaintiff seeks a prison transfer is to avoid possible retaliation by the defendants for filing this action.  Plaintiff brings no claim of retaliation against the defendants. The Complaint includes no allegation suggesting that retaliation has occurred or is now occurring.  Under the circumstances, no injunctive relief is warranted. As such, Plaintiff's request for this relief is based on pure speculation and is **DENIED**.

However, the warden shall be dismissed without prejudice to Plaintiff naming this defendant in the First Amended Complaint, in the event the warden was involved in a constitutional violation or a request for preliminary injunctive relief becomes necessary under Rule 65 of the Federal Rules of Civil Procedure.

## **Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED**.  There is no constitutional or statutory right to counsel in federal civil cases.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654

(7th Cir. 2007)).  If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).  "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial."  *Pruitt*, 503 F.3d at 655.  The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience."  *Id*.

Plaintiff has demonstrated that his efforts to secure representation have failed.  (Doc. 3, p. 1).  He explains that he has some college education, and English is his primary language.  He also indicates that he takes an antidepressant medication.  In addition, he is still housed at Menard, where the events at issue occurred.

Despite the fact that the Complaint is being dismissed, Plaintiff has demonstrated his ability to prepare a coherent pleading that focuses on the issues in this case.  The legal principles at issue are addressed in this Order and are of the sort regularly litigated by *pro se* inmates.  The lack of a law degree and the antidepressant medications do not appear to be impediments to Plaintiff's ability to competently litigate this matter.  Accordingly, the Motion is denied without prejudice.  The Court will remain open to the appointment of counsel in the future.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.  This includes **COUNTS 1, 2,** and **3**, which are **DISMISSED without prejudice** for failure to state a claim

upon which relief may be granted, and **COUNT 4**, which is **DISMISSED with prejudice** for the same reason

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before January 17, 2017.**  Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case will be dismissed with prejudice.  FED. R. APP. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.  Further, a "strike" will be assessed against Plaintiff.  *Id*.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  He should label the form, "First Amended Complaint," and he should use the case number for *this* action, *i.e.*, No. 16-cv-01092-SMY.  The First Amended Complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actor.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related claims* in his First Amended Complaint.  Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.

Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. APP. P. 41(b).

   **IT IS SO ORDERED.**

   **DATED:  December 19, 2016**

                                        s/ STACI M. YANDLE
                                        **STACI M. YANDLE**
                                        **United States District Judge**