# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTOINE FORD, #R-49546, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-01092-SMY |
| | ) |
| KENT E. BROOKMAN | ) |
| and TRACEY LEE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now before the Court for preliminary review is the First Amended Complaint filed by Plaintiff Antoine Ford. (Doc. 8). Plaintiff is currently incarcerated at Menard Correctional Center. He brings this civil rights action pursuant to 42 U.S.C. § 1983 against two co-chairs of Menard's Adjustment Committee, Kent Brookman and Tracey Lee. Plaintiff claims that they denied him credit for time he spent in investigative segregation when they punished him with one month of segregation for trafficking and trading in September 2015. (Doc. 8, p. 5). Plaintiff remained in segregation for a total of fifty days instead of thirty. *Id*. The conditions he encountered there were allegedly deplorable. *Id*. Plaintiff seeks monetary damages and a prison transfer. (Doc. 8, p. 6).

The First Amended Complaint is now subject to review under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The First Amended Complaint survives screening under this standard.

## First Amended Complaint

During his incarceration at Stateville Correctional Center ("Stateville"), Plaintiff was placed in segregation under investigative status on August 2, 2015. (Doc. 8, p. 5). He transferred to Menard Correctional Center ("Menard") two days later while still under investigation. *Id*. Following the investigation and a hearing before Menard's Adjustment Committee, Plaintiff was found guilty of trafficking and trading and punished with thirty days of segregation. *Id*.

On the date he received this punishment, Plaintiff had already spent twenty-eight days in segregation. (Doc. 8, p. 5). He asked Co-Chairs Brookman and Lee whether he would receive a

credit for the time he had already spent there. *Id*. He complained that the conditions in segregation were deplorable. *Id*.

Plaintiff allegedly told the defendants that he was confined to a cell in Menard's North 2 Cell House with a steel door and virtually no air circulation. (Doc. 8, p. 5). For a week after transferring there, Plaintiff could not clean himself. *Id*. The prison did not issue him any soap, and he had no access to his property or money. *Id*. He could not purchase his own hygiene supplies. *Id*. The faucet in his cell was covered in mold, and there was no running cold water. *Id*.

Temperatures allegedly soared during the same time period, with the heat index exceeding 100 degrees (Doc. 8, p. 5). He developed chest pains and was sent to the prison's health care unit for treatment of heat exhaustion. *Id*.

Thereafter, he began using toilet water to clean himself and to cool down. (Doc. 8, p. 5). He received only one shower per week. *Id*. He was allowed to attend yard only once during this time period. *Id*. Plaintiff claims that he complained about these conditions and the fact that it exacerbated his bipolar disorder to "authorities," including Brookman, Lee, and a psychiatrist.[1] *Id*.

He also argued that the administrative code called for a credit of the time he had already spent in segregation toward his punishment. (Doc. 8, p. 5). Brookman agreed that Plaintiff should receive a twenty-eight day credit against his punishment. *Id*. However, Lee disagreed and indicated that the punishment did not begin until the date Plaintiff received his disciplinary ticket. *Id*. As for the conditions that Plaintiff described, Lee told Plaintiff to "man up," after stating that he heard Plaintiff "didn't last" one hour "behind that door" before crying. *Id*.

---

[1] Plaintiff did not name the psychiatrist as a defendant in this action and asserts no claims against him or her.

According to Plaintiff's calculation, he should have been released from segregation on September 2, 2015, but wasn't released until September 20, 2015 (Doc. 8, p. 5). He now asserts claims against both defendants for depriving him of a protected liberty interest without due process of law in violation of the Fourteenth Amendment and for subjecting him to cruel and unusual punishment under the Eighth Amendment. *Id.*

## Discussion

The Court previously organized the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following enumerated counts:

> **Count 1 -** Fourteenth Amendment claim against the defendants for depriving Plaintiff of a protected liberty interest without due process of law by failing to credit him for time he spent in investigative segregation when imposing a thirty day term of disciplinary segregation in August and September 2015.
>
> **Count 2 -** Eighth Amendment claim against the defendants for subjecting Plaintiff to unconstitutional conditions of confinement in segregation in August and September 2015.
>
> **Count 3 -** Fourteenth Amendment equal protection claim against the defendants for the conduct described in the Complaint.
>
> **Count 4 -** Claim against the defendants under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, based on the conduct described in the Complaint.

(Doc. 7, pp. 3-4). This screening order focuses only on **Counts 1** and **2** as Plaintiff abandoned **Count 3** when he omitted it from his First Amended Complaint. (Doc. 8). That claim remains dismissed without prejudice from this action. Plaintiff did not reassert **Count 4** because the Court already dismissed the claim with prejudice in the Order Dismissing Complaint. (Doc. 7).

## Count 1

The allegations in the First Amended Complaint do not support a Fourteenth Amendment claim against the defendants. A prisoner retains no protected liberty interest in remaining in the

4

general prison population. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995) (citations omitted). Prisoners also "have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Townsend v. Fuchs* 522 F.3d 765, 771 (7th Cir. 2008). An inmate may be transferred "for any reason at all." *Ramos*, 71 F.3d at 1248 (citations omitted) (quoting *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir. 1988)).

A liberty interest arises in rare situations where prison officials restrain the freedom of an inmate in a manner that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). When determining whether a protected liberty interest is at stake, courts consider "the combined import of the duration of the segregative confinement *and* the conditions endured." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (citing *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98) (7th Cir. 2009) (emphasis in original)). If these combined factors give rise to a protected liberty interest, the right to due process is triggered.

Here, the allegations do not suggest that a protected liberty interest was at stake. The duration of Plaintiff's confinement in segregation was short. The total duration was less than fifty days, and Plaintiff does not dispute thirty of those days. *See Townsend v. Fuchs* 522 F.3d at 766 (59 days gave rise to no protected liberty interest); *Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005) (2 months gave rise to no protected liberty interest).

Even if the Court assumes – without deciding – that the conditions described by Plaintiff give rise to a protected liberty interest, the First Amended Complaint still supports no Fourteenth Amendment claim. Plaintiff sets forth no allegations suggesting that he was denied due process of law in connection with the disciplinary hearing. Prison disciplinary hearings satisfy

5

procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). The decision of the disciplinary hearing board must also be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

Plaintiff refers to no due process violations that occurred in connection with his disciplinary hearing. (Doc. 8, p. 5). For that matter, he does not dispute the ticket, the hearing, the outcome or the punishment imposed. *Id*. He simply argues that the punishment was executed improperly. *Id*. Absent any suggestion of a due process violation, Count 1 cannot proceed against either defendant, even if a protected liberty interest was at stake. Accordingly, this claim will be dismissed with prejudice.

**Count 2**

A plaintiff who seeks to bring an Eighth Amendment claim for unconstitutional conditions of confinement must demonstrate that the conditions he endured were "sufficiently serious" to constitute cruel and unusual punishment and the defendants responded to the conditions with deliberate indifference. *McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993) (citations omitted). This claim includes an objective and a subjective component.

The objective element is satisfied when the plaintiff shows that he was "incarcerated under conditions posing a substantial risk of serious harm" to his health or safety. *Haywood v Hathaway*, 842 F.3d 1026 (7th Cir. 2016) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th

Cir. 2001)).  Not all prison conditions trigger Eighth Amendment scrutiny, only deprivations of basic human needs like food, medical care, sanitation, and physical safety.  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  Some conditions may establish an Eighth Amendment violation when combined with other conditions, even if each condition is not sufficiently serious to support a claim when standing alone.  *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).  For example, a low cell temperature at night may support a claim when combined with a denial of blankets.  *Id.*

Plaintiff's allegations suggest that he endured a combination of conditions that were sufficiently serious to support an Eighth Amendment claim.  (Doc. 8, p. 5).  He was placed in a cell with virtually no ventilation as temperatures soared.  *Id*.  He was denied access to cool water and resorted to using toilet water to wash and cool himself instead.  *Id*.  He was denied soap and regular showers, even while using toilet water for cleaning purposes.  *Id*.  In the process, he became ill and allegedly suffered from symptoms of heat exhaustion.  *Id*.  These allegations satisfy the objective component of this claim at the screening stage.  *See also Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir. 1987) (citing *Ramos v. Lamm*, 639 F.2d 559, 568 (10th Cir. 1980) ("a state must provide . . . reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (*i.e.*, hot and cold water, light, heat, plumbing)") (citations omitted), *cert. denied*, 450 U.S. 1041 (1981)).

Therefore, the question becomes whether the defendants responded to Plaintiff's complaints with deliberate indifference to his health or safety.  *Farmer v. Brennan*, 511 U.S. 825 (1994).  This is a subjective standard.  Deliberate indifference occurs when a defendant knows of and disregards a substantial risk of serious harm to the inmate from those conditions.  *Id*.  According to the First Amended Complaint, Plaintiff notified the defendants about the

deplorable conditions he endured in segregation in the midst of his confinement there. (Doc. 8, p. 5). Both defendants acknowledged that they knew about his situation but allegedly laughed at him. *Id*. Lee allegedly told Plaintiff to "man up." *Id*. Neither defendant took steps to address the concerns Plaintiff raised regarding the conditions of his confinement. *Id*. Given these allegations, Count 2 shall receive further review against both Brookman and Lee.

### Prison Transfer Request

Plaintiff requests a prison transfer because he fears that the defendants will retaliate against him for filing this lawsuit. (Docs. 1, 8). His initial request was denied without prejudice. (Doc. 7). Plaintiff offers no additional reasons in his First Amended Complaint why a prison transfer is warranted. (Doc. 8, p. 6). The conduct at issue and his interactions with the defendants occurred in August and September 2015. (Doc. 8, p. 5). Plaintiff does not describe subsequent encounters with either defendant. *Id*. He asserts no retaliation claim against them in this action. *Id*. He also offers no indication that either defendant has retaliated against him or has threatened to do so in the future. *Id*. Thus, his request is still based on pure speculation and is again **DENIED** without prejudice.

### Pending Motion

Plaintiff's Motion for Status (Doc. 9) is now **DENIED** as **MOOT**. This Order addresses all pending matters.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted against the defendants.

**IT IS ORDERED** that **COUNT 2** is subject to further review against Defendants **KENT BROOKMAN** and **TRACEY LEE**.

**IT IS ORDERED** that **COUNT 3** remains **DISMISSED** without prejudice because Plaintiff omitted it from his First Amended Complaint, and **COUNT 4** remains **DISMISSED** with prejudice pursuant to the original Order Dismissing Complaint. (*See* Doc. 7).

With regard to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **BROOKMAN** and **LEE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 8), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 30, 2017**

<u>s/ STACI M. YANDLE</u>
**U.S. District Judge**
